# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## HELENA DIVISION

| | |
|---|---|
| CURTIS SULLIVAN, | Cause No. CV-10-00026-H-DWM-RKS |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| MSP, DOC MEDICAL, STATE OF MONTANA, DR. ELIZABETH RANTZ, and DR. TRISTIAN KOHUT, | |
| Defendants. | |

Pending is Plaintiff Curtis Sullivan's Motion to Proceed in Forma Pauperis (Court Doc. 1) and a one page document entitled "Cause to Leave." (Court Doc. 2). Out of an abundance of caution the "Cause to Leave" document is construed as a civil complaint filed pursuant to 42 U.S.C. § 1983.

Mr. Sullivan states in his pleading: "If it pleases the Court with MSP gaurd [sic] & secured by availible [sic] cuffs, leg shakels [sic], I have suffered great harm.  to wit 04 hide a scan shows 9.3 gall bladder

suggest disease & dysfunction left in now 6 yrs Drs say no operations,

they are not surgons [sic].  All so the fact no one told me, actuall [sic]

harm, induced Hypo Kalenimea malpractice."  (Court Doc. 2).

Mr. Sullivan is subject to the three strikes rule of 28 U.S.C. §

1915(g) which provides:

> In no event shall a prisoner bring a civil action or appeal a
> judgment in a civil action or proceeding under this section if
> the prisoner has, on 3 or more prior occasions, while
> incarcerated or detained in any facility, brought an action or
> appeal in a court of the United States that was dismissed on
> the grounds that it is frivolous, malicious, or fails to state a
> claim upon which relief may be granted, unless the prisoner
> is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Mr. Sullivan has been issued strikes pursuant to

28 U.S.C. § 1915(g) for failure to state a claim in the following three

cases:  Civil Action Nos. 09-CV-39-GF-SEH-RKS (§ 1983 filed May 14,

2009; closed August 3, 2009); 08-CV-22-H-DWM-RKS (§ 1983 filed

March 27, 2008; closed May 1, 2008); and 09-CV-06-H-DWM-RKS (§

1983 filed March 2, 2009; closed May 20, 2009).  Therefore, Mr. Sullivan

falls squarely within the three-strikes provision of 28 U.S.C. § 1915(g)

and he may not proceed in forma pauperis unless he is in "imminent

danger of serious physical injury." 28 U.S.C. § 1915(g).        Liberally

construed, it appears Sullivan is attempting to bring a claim regarding

his medical care at the prison.  Mr. Sullivan makes no allegation that

he is in imminent danger of serious physical injury.  Moreover, his

pleading suggests he is being seen by medical providers.  For example,

he states, "Drs say no operations, they are not surgons [sic]."  Mr.

Sullivan's concern does not seem to be he is being completely denied

medical care.  Rather, it appears he is seeking outside expert

consultations.  This is insufficient to demonstrate imminent danger of

serious physical injury.

Should Mr. Sullivan believe he can truthfully establish that he is

imminent danger, he should raise such considerations in his objections.

In order to do so, he must provide specific factual allegations to

demonstrate he is currently being deprived of medical care to such an

extent that he is in imminent danger of serious physical injury.

Accordingly, the Court issues the following:

## RECOMMENDATIONS

1.  Mr. Sullivan's Motion for Leave to Proceed in Forma Pauperis

(Court Doc. 1) should be **DENIED** pursuant to 28 U.S.C. § 1915(g).

2.  The Clerk of Court should be directed to terminate all pending motions and close the case.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.  No reasonable person could suppose an appeal of this decision would have merit.

DATED this 24th day of May, 2010.


 */s/ Keith Strong*
Keith Strong
United States Magistrate Judge